**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

ABDOULAYE S.,

Petitioner,

v.

TODD BLANCHE, *Attorney General*; MARKWAYNE MULLIN; *Secretary, U.S. Department of Homeland Security*; DEPARTMENT OF HOMELAND SECURITY; DAVID J. VENTURELLA, *Acting Director of Immigration and Customs Enforcement*; IMMIGRATION AND CUSTOMS ENFORCEMENT; DAVID EASTERWOOD, *Acting Director, St. Paul Field Office, Immigration and Customs Enforcement*; and JOEL BROTT, *Sherburne County Sherriff*,

Respondents.

Case No. 26-cv-3849 (LMP/DLM)

**ORDER GRANTING HABEAS PETITION**

---

David L. Wilson and Olivia Anderson-Petroske, **Wilson Law Group, Minneapolis, MN**, for Petitioner.

Derek Ganzhorn, **United States Attorney's Office, Minneapolis, MN**, for Respondents.[1]

---

[1] When used in this Order, "Respondents" or "Government" refer to the federal officials named as Respondents. Respondent Joel Brott, the Sherburne County Sheriff, has not participated in these proceedings.

Petitioner Abdoulaye S.[2] brings this petition for a writ of habeas corpus, challenging the legality of his detention. For the following reasons, the petition is granted, and the Court orders the Government to provide Abdoulaye a bond hearing.

**ANALYSIS**

Abdoulaye is a native and citizen of Guinea who entered the United States in March 2023. ECF No. 11 ¶¶ 28, 29; ECF No. 14-1 at 2. Immigration and Customs Enforcement ("ICE") officers apprehended Abdoulaye at the California border and placed him into expedited removal proceedings. ECF No. 14-1 at 2. On April 1, 2023, the Government concluded that Abdoulaye had a credible fear of persecution should he be returned to Guinea, *id.*, and on April 15, 2023, the Government served him with a Notice to Appear in immigration court in Minnesota on December 21, 2023, ECF No. 14-2 at 1. On November 3, 2023, Abdoulaye's immigration attorney filed a written pleading conceding removability but represented that Abdoulaye would apply for various forms of relief, including asylum. ECF No. 14-3 at 2. Abdoulaye filed the anticipated asylum application on April 8, 2024. ECF No. 14-1 at 3. Abdoulaye has his next hearing before an Immigration Judge on December 22, 2026.[3]

---

[2] The Court uses Petitioner's first name throughout this order to comport with this District's practice of using only the first name and last initial of any nongovernmental parties in immigration cases. No disrespect is intended in doing so.

[3] The Court takes judicial notice of the status of Abdoulaye's immigration proceedings in the Executive Office for Immigration Review's Automated Case Information System. The Court may take judicial notice of public court records. *See, e.g.*, *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005).

Abdoulaye was convicted for driving while intoxicated in February 2024 and arrested again for driving while intoxicated on February 1, 2026. *Id.* at 2; *see also State v. [Abdoulaye]*, No. 86-cr-26-672, Index # 41 (Minn. Dist. Ct. Apr. 14, 2026). On February 13, 2026, ICE officers encountered and detained Abdoulaye. ECF No. 14-1 at 2. He filed a habeas petition challenging his detention, which the undersigned granted on February 26, 2026, after concluding that ICE had not issued a warrant before arresting Abdoulaye. *See generally Abdoulaye S. v. Bondi*, No. 26-cv-1590 (LMP/DTS), ECF No. 6 (D. Minn. Feb. 26, 2026). The Government released Abdoulaye the next day. ECF No. 11 ¶ 35; ECF No. 14-1 at 2.

On April 14, 2026, Abdoulaye was convicted of driving while intoxicated in Wright County, Minnesota. ECF No. 14-1 at 2; *see also State v. [Abdoulaye]*, No. 86-cr-26-672, Index # 41 (Minn. Dist. Ct. filed Apr. 14, 2026). On April 22, 2026, Wright County filed a Petition for Judicial Commitment, seeking to civilly commit Abdoulaye because of severe mental health issues and chemical dependency. *See* ECF No. 11 ¶ 36; *see also* ECF No. 1-1 (petition for commitment); ECF No. 1-2 (mental health evaluation). A state court judge ordered Abdoulaye committed on May 8, 2026, finding that Abdoulaye suffers from severe depression, alcohol use disorder, and "poses a substantial likelihood of harm to himself and others and is . . . incapable of self-management." ECF No. 1-3 at 3. Abdoulaye was provisionally discharged under a treatment plan shortly thereafter, but on May 22, 2026, Wright County moved to revoke conditional discharge after Abdoulaye was severely intoxicated and attempted to fight "others and get into other persons' vehicles." ECF No. 1-4 at 1–2. A state court judge revoked conditional discharge and ordered inpatient

treatment on May 26, 2026. *Id.* at 2. Abdoulaye subsequently left his inpatient program against medical advice. ECF No. 1-5 at 2.

Abdoulaye then appeared in Wright County, turned himself in, and resolved an outstanding warrant for arrest stemming from a missed hearing in an ongoing criminal case in Wright County while civilly committed. ECF No. 11 ¶ 42. The warrant was cleared on July 3, 2026. *Id.*

On July 7, 2026, Abdoulaye appeared in Sherburne County after he learned that Sherburne County had issued a warrant for his arrest because he had missed a criminal hearing while civilly committed. *Id.* ¶ 43. Sherburne County resolved the warrant but "held" Abdoulaye because, on July 8, 2026, ICE lodged a detainer for Abdoulaye. *Id.* ¶ 44; ECF No. 14-1 at 2. ICE issued an I-200 warrant for Abdoulaye's arrest that same day. ECF No. 14-1 at 2.[4] ICE then arrested Abdoulaye on July 8, 2026. *Id.* Abdoulaye remains in ICE custody at the Sherburne County Jail. ECF No. 11 ¶¶ 44–49.

Finally, on July 17, 2026, Wright County again petitioned to revoke Abdoulaye's conditional discharge because Abdoulaye "has not made any attempt to contact his case manager." ECF No. 1-5 at 2. A state court judge granted that petition and ordered Abdoulaye "apprehended and held" so he can return to a "more restrictive treatment placement." *Id.* Undoubtedly, Abdoulaye cannot be apprehended at this time by Minnesota authorities and participate in treatment, as he is in ICE custody.

---

[4] Abdoulaye concedes that ICE secured the warrants prior to his arrest. ECF No. 15 at 3.

Abdoulaye filed a pro se habeas petition on August 3, 2026, challenging his detention. *See Abdoulaye S. v. United States*, No. 26-cv-03490 (LMP/DLM), ECF No. 1 (D. Minn. Aug. 3, 2026). The Court referred Abdoulaye to the Federal Bar Association's Pro Se Project the next day, *see id.* ECF No. 4, and Abdoulaye connected with counsel. But before counsel entered an appearance, the Court received a notice of voluntary dismissal from Abdoulaye and dismissed his petition. *Id.* ECF Nos. 5, 6. On September 1, 2026, Abdoulaye filed this petition, represented by counsel.[5] ECF No. 1. The Court ordered the Government to respond, and the Government responded on September 9, 2026. ECF Nos. 6, 7. On September 11, 2026, Abdoulaye filed a motion to amend his petition. ECF Nos. 9, 11. As the Court noted, Abdoulaye did not need leave to amend his petition and ordered the Government to respond to the amended petition no later than September 18, 2026, with any reply from Abdoulaye due by September 25, 2026. ECF No. 6.[6] The Government and Abdoulaye timely responded. ECF Nos. 13, 15.

In the now-operative petition, ECF No. 11, Abdoulaye claims that his current detention is unlawful because the Government did not provide him with a bond redetermination hearing in violation of his due process rights. ECF No. 11 ¶¶ 103–06.

---

[5] As indicated, attorneys David Wilson and Olivia Anderson-Petroske agreed to represent Abdoulaye pro bono through the Federal Bar Association's Pro Se Project. The Court acknowledges and thanks both attorneys for their service.

[6] The Court did not, however, formally dismiss Abdoulaye's motion to amend as moot. The Court will do so in this Order.

## ANALYSIS

"Congress has granted federal district courts, 'within their respective jurisdictions,' the authority to hear applications for habeas corpus by any person who claims to be held 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Rasul v. Bush*, 542 U.S. 466, 473 (2004) (quoting 28 U.S.C. § 2241(a), (c)(3)). The protections of habeas corpus extend to those in immigration detention. *See INS v. St. Cyr*, 533 U.S. 289, 305–06 (2001).

After reviewing the habeas petition, the Government's response, and the documents submitted, the Court concludes that Abdoulaye's continued detention without a bond hearing violates the Due Process Clause and that Abdoulaye is entitled to present evidence to an immigration judge regarding his amenability for release on bond.

The Government argues that Abdoulaye's detention is justified by the mandatory-detention provision of 8 U.S.C. § 1225(b)(1). ECF No. 13 at 5–6, 11. But Abdoulaye does not argue for a bond hearing under Section 1225(b)(1). Abdoulaye argues that the Due Process Clause requires that he be given an opportunity to establish the appropriateness of his release on bond before an immigration judge while the removal proceedings against him go forward. ECF No. 15 at 6. The Court, as explained in its previous orders, agrees. Noncitizens who enter this country and develop "substantial connections within the United States" have a procedural due process right to a bond hearing when detained under

Section 1225.[7] *Jesus Alejandro G. A. v. Blanche*, No. 26-cv-1932 (LMP/ECW), 2026 WL 1383138, at *5–12 (D. Minn. May 18, 2026).

Like the petitioner in *Jesus Alejandro G. A.*, Abdoulaye was "released from custody to live . . . in the community." *Compare id.* at *11 (citation modified), *with* ECF No. 14-1 at 2. And Abdoulaye has been in the United States longer than the petitioner in *Jesus Alejandro G. A. Compare* 2026 WL 1383138, at *1 (24 months), *with* ECF No. 14-1 at 2 (43 months). And although Abdoulaye does not describe his work history or community involvement in Minnesota[8]—which are relevant considerations in evaluating ties to the United States, *see Jesus Alejandro G. A.*, 2026 WL 1383138, at *1, 11—Abdoulaye's three-year residence in the United States, the decision of immigration officers in 2023 to release him into the community, and his pending asylum claim weigh in favor of granting a bond hearing. The Court is aware, of course, of Abdoulaye's criminal history and civil commitment. But those factors are more suited for an immigration judge to consider in deciding whether to grant him bond, not for the Court to deny him the ability to seek bond

---

[7] Given this, the Court need not decide whether Section 1225, *see* ECF No. 13 at 5–7, or Section 1226, *see* ECF No. 15 at 3–12, controls here because the relief provided by the Court of a bond hearing would be the same.

[8] The Court acknowledges that there is a reference to recent job loss and divorce in the record. ECF No. 1-2 at 2.

in the first instance.[9] A bond hearing is what due process provides. The Court will therefore grant Abdoulaye's amended petition to the extent that it requests a bond hearing.[10]

**ORDER**

For these reasons, and based on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Abdoulaye S.'s Motion To Alter/Amend/Supplement Pleadings (ECF No. 9) is **DISMISSED** as moot.

2. Abdoulaye S.'s Amended Petition for a Writ of Habeas Corpus (ECF No. 11) is **GRANTED**.

3. The Government is **ORDERED** to provide Abdoulaye S. with a bond hearing consistent with 8 C.F.R. § 1003.19(d) no later than 5:00 p.m. on November 23, 2026. This deadline may be waived by Abdoulaye S.'s consent.

4. The Government shall give Abdoulaye S.'s counsel 48 hours' notice of his bond hearing. Abdoulaye's attorneys are David Wilson (dwilson@wilsonlg.com) and Olivia Anderson-Petroske (oandersonpetroske@wilsonlg.com) of the Wilson Law Group in Minneapolis, Minnesota and appearing on behalf of the FBA Pro Se Project.

---

[9] Indeed, the immigration judge is tasked with determining whether Abdoulaye is a flight risk or danger to the community. *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006) (identifying non-exhaustive factors for immigration judge to consider).

[10] To the extent that Abdoulaye seeks his immediate release as a remedy for the due process violation, the Court declines that request. *See Milton A. v. Brott*, No. 26-cv-2580 (SRN/EMB), 2026 WL 1493709, at *4 (D. Minn. May 28, 2026) (collecting similar cases and concluding that "the appropriate remedy is an individualized bond hearing").

5. The Government is **ORDERED** to file a status report certifying its compliance with this Order no later than 5:00 p.m. on November 24, 2026.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: November 16, 2026

*s/Laura M. Provinzino*
Laura M. Provinzino
United States District Judge